C. M. Roberts, Appellant, v. J. W. Parker, Sheriff.

Exemptions: bicycles.  Under Code, section 4008, providing that the head of a family may hold exempt from execution, if a laborer, a team, with the wagon or other vehicle and proper harness or tackle by the use of which he habitually earns his living, a bicycle habitually used by a painter, paper hanger, and billposter to earn a living, he being the head of a family, is exempt, though such vehicles were not known when the statute was enacted.
Ladd, C. J. and Waterman, J.—dissenting.

Assignments of Error: amendment.  Where the assignments of error attached to the abstract were insufficient, but an amendment was subsequently filed specifically pointing out the errors alleged, and these had been clearly indicated in appellant's argument, and met in appellee's brief, a motion to dismiss for the insufficiency of the original assignments will be overruled.

*Appeal from Floyd District Court.*—Hon. Clifford P. Smith, Judge.

Saturday, May 31, 1902.

The defendant, as sheriff, levied an execution on the plaintiff's bicycle which the latter replevied as exempt. A demurrer to his petition was sustained, and he appeals. —*Reversed.*

*Robert Eggert* for appellant.

*J. W. Brown* for appellee.

Ladd, C. J.—The assignments of error attached to the abstract were totally insufficient, but subsequently an amendment thereto was filed, specifically pointing out the errors alleged. As these had been clearly indicated in the appellant's argument, and fully met in the appellee's brief, no prejudice could have resulted from the delay.  For this reason the motion to dismiss must be overruled.

II.   Is a bicycle, habitually used by a painter, paper
hanger, and billposter to earn a livelihood, he being the
head of a family, exempt from execution?   Section 4008 of
the Code, in so far as applicable, reads:   "If the debtor is
the head of a family he may hold exempt from exe-
cution,  *  *  *  if a physician, public officer, farmer,
teamster, or other laborer, a team consisting of
not more than two horses or mules, or two yoke of cattle
and the wagon or other vehicle, with the proper harness or
tackle by the use of which he habitually earns his living,
otherwise one horse."   That plaintiff was a laborer within
the meaning of this section is not questioned.   As certainly
the bicycle is a vehicle.   The decisions so holding are too
numerous for citation.   But is it a vehicle such as was
contemplated by the legislature in enacting the statute?
It is well settled that statutes of exemption should receive
a liberal construction, such as shall aid, in so far as may
be, in carrying out the beneficient object of the legislation.
(*Davis v. Humphrey*, 22 Iowa, 137; *Consol. Tank Line Co.
v. Hunt*, 83 Iowa, 6); and they are to be construed in
favor of those claiming their benefits (*Bevan v. Hayden*,
13 Iowa, 122; *Kaiser v. Seaton*, 62 Iowa, 463).   Because of
the liberal construction usually given a statute of this char-
acter, the majority of the court hold that a bicycle is in-
cluded in the term "other vehicle," as found in the section
quoted.   While it was not in use, or even known, in the
state at the time of such enactment, they are of opinion
that the law should keep pace with progress and improve-
ment in the industrial arts, and that the bicycle should be
adjudged exempt to a laborer who is the head of a family,
and habitually uses it to earn a living.   On the other hand,
the writer, with whom concurs Mr. Justice Waterman,
while conceding the force of these suggestions, reaches a
different conclusion.   Precisely what may be claimed as
exempt is enumerated in the statute, and nothing is to be
added.   *Tyler v. Coulthard*, 95 Iowa, 705.   Especially a

new class ought not to be added. The wagon is mentioned in connection with the animals enumerated, and all with relation to the harness or tackle. Why was this done? For the reason, as it seems to us, that all were essential and ordinarily used in making up an outfit for the purpose of transportation. Certainly, a wagon would be of no benefit in earning a living without one or more animals, and these could hardly be made use of without a harness or tackle of some kind. A working outfit was intended. For what purpose? By the use of which to earn a living. If right in this, then it seems that the "other vehicle" contemplated must have been one of like character; that is, one which may be used in connection with some of the animals enumerated and the harness or tackle. See 17 Am. & Eng. Enc. Law, 278. If this be not true, anything within the definition of "vehicle" may be exempt, such as an electric car or automobile, regardless of the value of either. To so hold would, as it seems to us, do violence to the spirit, as well as the letter, of the statute, in which the horse is recognized as the means of transportation, in the absence of the outfit referred to. Under the contention of appellant, both a bicycle and a horse, without other of the property mentioned, could be held as exempt. See *Smith v. Horton*, 19 Tex. Civ. App. 28 (46 S. W. Rep. 401); *Shadewald v. Phillips*, 72 Minn. 520 (75 N. W. Rep. 717). In the opinion of the majority of the court, however, the plaintiff should have been awarded judgment for the return of his bicycle as exempt from execution.—REVERSED.