ALBERT KREBS V. W. F. NICHOLSON *et al*, Appellants.

Action for Damages: EXEMPTIONS. A harness and cart used by
1   the owner as a means of conveyance in his employment 'as owner of a stallion are exempt under Code, section 4008.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

THURSDAY, OCTOBER 23, 1902.

ACTION to recover the value of a road cart and single harness taken and sold under an execution against the plaintiff. Trial to a jury, and verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Boardman, Aldrich & Lawrence* for appellants.

*Meeker & Meeker* for appellee.

SHERWIN, J.—The plaintiff's only occupation at the time of the levy was that of traveling from stand to stand with a stallion which he used for breeding purposes at these different places. The harness and cart were used as the means of conveyance of the plaintiff on these trips, and they were clearly exempt, under the rule announced in *Roberts v. Parker* 117 Iowa, 389, 90 N. W. Rep. 744. Whether the plaintiff was at the time such a laborer

as is contemplated by section 4008 of the Code, which provides exemptions for specified occupations and for "other laborers," presents a more difficult question. The evidence shows that the plaintiff personally took care of his horse, and attended him in his services of mares. That these duties, in connection with that of driving the stallion from place to place for the purpose specified, involved labor on the part of the plaintiff, we do not doubt; and the fact that the horse was used for stock purposes, instead of for drawing a loaded wagon or a plow under the direction of his owner, should not make such owner any the less a laborer than he would be if he had been employed with his horse in these occupations, or in transporting merchandise or passengers, and such work would surely place him within the statutory class. *Root v. Gay,* 64 Iowa, 399. *Tank Line Co. v. Hunt,* 83 Iowa, 6. A laborer is defined to be one who is "engaged in some toilsome physical occupation; one who performs work which requires little skill or special training." 4 Century Dictionary 3318. While it cannot be said as a matter of law, that the plaintiff's occupation was of the most toilsome nature, it still required some physical effort, and but little skill or special training, as we understand it; and, if by this labor he earned his living, he was a laborer, within the meaning of the statute.

The judgment is AFFIRMED.