H. B. LAMES, Appellant, v. H. ARMSTRONG and BENJ. J. NESS, Sheriff, Appellees.

Exemptions: STATUTE: CONSTRUCTION. The words "other laborer," as used in the statute exempting a team and vehicle to the head of a family, should be liberally construed in the light of the preceding classes of individuals who are declared to be entitled to the exemption, and is held to include persons other than those enumerated whose work or labor require a team in making a living. The term as here used covers one who works either with mind or body, and includes an insurance agent whose duties require him to travel about the country with a team or other vehicle.

**Same:** VEHICLE: AUTOMOBILE. An automobile used by the head of a
2    family in earning a living is a vehicle within the meaning of the
exemption statute. .

*Appeal from Polk District Court.*—HON. CHARLES S. BRAD-
SHAW, Judge.

SATURDAY, NOVEMBER 22, 1913.

APPELLANT'S automobile was levied upon by the sheriff.
He sought to enjoin the sheriff from selling it on the ground
that it was exempt. A temporary injunction was issued, and
later the case was tried on an agreed statement of facts. The
court dismissed the petition and dissolved the injunction.
Plaintiff appeals.—*Reversed.*

*Chester J. Eller,* for appellant.

*Franklin & Miller,* for appellees.

PRESTON, J.—After the levy by the sheriff, plaintiff
served notice and affidavit, claiming exemption. The stipu-
lation of facts follows:

It is hereby stipulated and agreed by and between the
parties to said litigation that said cause may be submitted
to his honor Judge Bradshaw of equity court and by him
determined upon an agreed statement of facts, which said
facts are as follows, to wit: (1) That H. Armstrong has a
judgment in the district court of the state of Iowa in and
for Polk county against H. B. Lames and Emma Lames,
for the amount shown therein in law case No. ———. (2)
The automobile levied upon under said execution is the prop-
erty of H. B. Lames. (3) The plaintiff, H. B. Lames, is a
married man, a resident of the state of Iowa, and county of
Polk, and the head of a family therein. (4) The said H. B.
Lames is a general agent in life insurance and requires the
constant use of said machine; said machine being used in the
place of a horse and buggy for the purpose of said Lames
earning his livelihood in attending to his daily occupation

and business, said machine being used in covering his territory, which comprises 10 counties, in assisting the local agencies established in said counties. (5) That said automobile is reasonably worth the sum of $250; the same being a two-cylinder Mason four-passenger car.

The decree finds:

That an automobile, under the facts as stipulated herein, is exempt to the proper person, but that the plaintiff is not within the purview of the statutes of Iowa as to exempt property in the hands of debtors as provided therein as to other laborers or otherwise, and therefore said property is not exempt in the hands of said plaintiff. It is therefore ordered, adjudged, and decreed that the plaintiff's petition be and the same is hereby dismissed with all the court costs of this action taxed at $———— to said plaintiff, and that the defendant be and he is hereby given judgment therefor; and it is further ordered, adjudged, and decreed that said injunction be and the same is hereby dissolved. To each and all of the said findings, conclusions, orders, judgments, and decree, and each part thereof, the plaintiff at the time and in each instance duly excepted and now excepts.

Section 4008 of the Code, so far as material to this inquiry, provides:

1. EXEMPTION: statutes: construction.

If the debtor is a resident of this state and the head of a family, he may hold exempt from execution the following property: . . . If the debtor is a physician, public officer, farmer, teamster *or other laborer*, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse.

In arriving at the intent of the Legislature, we have a rule of construction that, where general words follow the enumeration of particular classes of words or things, the general words will be construed as applicable only to persons or

things of the same general nature or class as those enumerated. *Rohlf v. Kasemeier*, 140 Iowa, 182 (construing a criminal statute); 36 Cyc. 1119. Appellant contends that under this rule the words "or other laborer" should be considered in connection with the words preceding them and as referring to the classes of individuals named in the preceding terms of the statute. That they refer to persons engaged in like or similar occupations, and therefore any person in a similar employment, needing the use of a team or vehicle, etc., to aid in earning his livelihood and necessary to carry on the occupation, if a debtor, and resident, and head of a family, is entitled to claim exemption for such a team or vehicle, etc.

In our opinion, appellant's contention ought to be sustained. All the language used in the statute should be considered, and these words should be considered in connection with the other language. Ordinarily a physician, public officer, such as a sheriff, for instance, a farmer, and teamster need a team of one or two horses and wagon or other vehicle. An automobile takes the place of such an outfit. Other persons than those enumerated in the statute and who work or labor may require a team in making a living. A physician would, of course, be classed as a professional man, and his team, etc., is exempt because he is specifically named. A sheriff, out serving subpœnas, would not be considered an artisan or skilled workman, nor would he be called a laborer in the sense that he was engaged in menial or manual labor, but such work would be similar to the work of an insurance agent. In *Consolidated Tank-Line Co. v. Hunt*, 83 Iowa, 6, one taking orders for oil and delivering it by the use of a team was held to come within the statutory meaning of "teamster" or "laborer."

One engaged in the livery business is or may be a laborer, and his team of horses and wagon, or other vehicle, exempt, if thereby he habitually earns his living. *Root v. Gay*, 64 Iowa, 399. Appellant also contends that, even though it be

held that the Legislature intended to specify the classes of persons above referred to and then limit the exemption law to other laborers within the strict definition of "laborer," still appellant would be a laborer according to the definition in *Krebs v. Nicholson*, 118 Iowa, 134. The definition there given is that a laborer is "one who is engaged in some toilsome physical occupation; one who performs work which requires little skill or special training." This is the definition usually given in its restricted sense, but it ought not to be so construed in the exemption laws. It may mean one who labors or works with mind or body. 24 Cyc. 810. An insurance agent is not a professional man. *Cummings v. Ins. Co.*, 153 Iowa, 579-586. Under the concession, appellant works or labors as much as a livery man.

In *Hammond v. Pickett* (Tex. Civ. App.) 158 S. W. 174, it was decided that a land agent was a laborer, but, under the facts of that case, he was not the head of a family because divorced.

It is very generally held that the exemption laws are to be liberally construed. In our opinion, appellant was, under this record, a laborer and within the purview of the statute, and the trial court erred in holding otherwise. The trial court found that an automobile is exempt to the proper person. Defendants have not appealed, and it may be we are not required to determine this point. It has been argued and will be considered.

An automobile is a vehicle within this law. It serves the purpose of a wagon or other vehicle. That it is a vehicle there can be no doubt, and that the motive power is gasoline instead of a horse or horses is not material under the exemption law. Appellee says: "It appears to our minds that the Legislature intended by the term 'other vehicle' a vehicle of like character, as a wagon which was drawn by horses, mules, or cattle, with the use of harness or other tackle." But an automobile does not require a harness or horses to draw it (ordi-

2. SAME: vehicle: automobile.

narily). It has been decided that a mule is a horse under the exemption laws. *Parker v. Sweet* (Tex. Civ. App.) 127 S. W. 881. And why not? If a teamster should prefer a team of mules to horses and should use them to earn a living for himself and his family, it ought to be exempt. In that case the mules would serve the same purpose as horses. Our statute does refer to mules, but we are now speaking of a statute which refers to horses only. It has been held by this court that a bicycle is a vehicle and exempt. *Roberts v. Parker*, 117 Iowa, 389. Appellee concedes that, if that decision is adhered to, he can see no reason why an auto is not a vehicle and exempt. We think the ruling in that case is correct. Under the statute making a carriage exempt, it has been ruled that an automobile is a carriage. *Parker v. Sweet* (Tex. Civ. App.), 127 S. W. 881; *Trenton v. Toman* (N. J.), 70 Atl. 606; *Peevehouse v. Smith* (Tex. Civ. App.), 152 S. W. 1196; *Hammond v. Pickett* (Tex. Civ. App.), 158 S. W. 174. If an automobile is a carriage and exempt under such a statute, we can see no reason why it is not exempt as a vehicle, under the Iowa statute, which exempts a vehicle (to a proper person within the statute). This might not be so under a penal statute, which is ordinarily strictly construed. *Parker v. Sweet, supra.* Our statute refers to an automobile as a vehicle. Code Supp., section 1571a.

For the reasons stated, the cause is *reversed* and *remanded* for a decree in harmony with the opinion.

WEAVER, C. J., and LADD and EVANS, JJ., concur.