ARISTA BLAIR, Appellant, v. FRANK FRITZ, et al, Appellees.

**Exemptions:** HEAD OF FAMILY: BURDEN OF PROOF.    To establish an exemption as the head of a family, it must appear that at the time of the levy the claimant was in fact the head' of a family and that the property levied upon was habitually used by him in earning his living.

**Same:** HEAD OF FAMILY: EVIDENCE.    An adult child may be the head of a family if he controls, supervises and manages the affairs of the household with an obligation resting upon him to do so; but ordinarily if either the father or mother be living he or she will be considered the head of the family. In the instant case the evidence is held to show that the widowed mother rather than the adult son was the head of the family, and the son was not therefore entitled to the exemptions claimed.

**Same:** NOTICE OF OWNERSHIP.    Notice of ownership of property is not material to the determination of an action to recover possession of the property as exempt, where no such issue was made in the pleadings, and the creditor gave the sheriff a sufficient indemnifying bond.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION to recover the possession of a horse, buggy, harness, and lap robes from the defendants, who are the sheriff and deputy sheriff of Carroll county, and one Anderson, who was a judgment creditor of the plaintiff. Plaintiff alleged that the property was exempt from execution. This the defendant denied; and on this issue, as well as some collateral ones, the case was tried to the court, without a jury, resulting in a judgment for defendants, and plaintiff appeals.—*Affirmed.*

*Brown McCrary,* for appellant.

*E. A. Wissler,* for appellees.

DEEMER, J.—Some motions have been submitted with the case, which, in view of the final conclusion reached, will not be considered.

The merits involve but a single question of mixed law and fact, and that is: Was the property in question exempt from execution? L. T. Anderson, one of the defendants, held a judgment against the plaintiff herein, Arista Blair, for the sum of $119 and costs, which judgment was rendered by the district court of Carroll county, Iowa, on February 13, 1910. On July 10, 1912, an execution issued on said judgment to the sheriff of Carroll county, which was delivered to the deputy sheriff for service. Pursuant to said execution, the property in question, consisting of a horse, buggy, harness, and lap robes, was levied upon and taken possession of by this deputy in the name of his principal. After the levy, plaintiff gave notice to both the deputy and the sheriff that he claimed the property as exempt; and, as the officers failed to return it to him, he commenced this action of replevin, and thereafter a stipulation was made between the parties as to the custody of the property, pending the trial. Plaintiff claimed that, although a single man, he was the head of a family, and that he used the property in question for the purpose of supporting himself and to aid in obtaining a livelihood. The defendants denied that the plaintiff was the head of a family and denied that the property was exempt. These were the only issues in the case, although defendants in argument claim that no sufficient notice was served upon them of plaintiff's claim to the property before he began this suit.

In order to establish his claim of exemption, plaintiff must show that at the time of the levy he was 1. EXEMPTIONS: head of family: burden of proof. the head of a family and that the property, taken under the writ, was used by him habitually for the purpose of earning his living. (The question as to the exemption of the horse alone is not in the case.)

A family is a collection of persons living under one roof, having one head or management; and the head of a family is the one who controls, supervises, and manages the affairs of the household. *Fullerton v. Sherill,* 114 Iowa, 511; *Emerson v. Leonard,* 96 Iowa, 311; *Tyson v. Reynolds,* 52 Iowa, 431. The relation existing among the group must be of a permanent and domestic character. A mere abiding together temporarily as strangers, or for convenience, there being no legal or moral obligation on the part of one to support the others, and with no supervisory power on the part of any one, does not make the group a family. If the parties are related by blood and either the father or mother be alive, he or she will ordinarily be considered the head of the family, although in such a case it may be shown that an adult child was in fact the head of a particular family. Plaintiff's claim here is that, although he was unmarried, he was the head of a family, consisting of himself, his widowed mother, and perhaps an older married brother and his wife. The house in which the parties live is owned by the mother, and she gets a pension of $12 per month, which she uses for her support. She bought groceries in her own name, but claims that plaintiff at times gave her money to pay upon these bills. The other brother furnished items for the family from time to time, as did the plaintiff. Just prior to the levy in this case, plaintiff was working upon a farm about three miles from Glidden (where the mother resided), and he used the horse and buggy to drive to and from his work. From his earnings he paid $50 on the purchase price of the property and gave his mother something like $42 during the year 1911. The mother did the housework about the home and, as we have seen, generally bought groceries in her own name. She also testified that when she wanted goods she sometimes gave the money to her son, and he went "down in" town and purchased them. The other brother at times contributed to the support of the mother and when able paid

2. SAME: head of family: evidence.

board to her while at home. The board was not paid to plaintiff, nor were any contributions made to him by the brother. The trial court may well have found, that plaintiff had no supervisory power or control over the mother's affairs, and that practically all that he did, aside from living with her, was to make small contributions to her from time to time as he had the ability and disposition to do so.

Ordinarily where a widow occupies a homestead, with an adult child or children, she is regarded as the head of the family, although she may yield this to one of the sons, and if she does so, and the son in fact becomes the head and has and exercises supervisory of managerial powers, he may, in virtue of that relation, claim exemptions, as if he were in fact the head of a family of his own. But he has to establish such headship as against a presumption to the contrary.

The case was tried to the court, without a jury, and its findings have the same effect as the verdict of a jury. That being true, we are constrained to hold that the judgment has such support that we are not justified in interfering therewith.

Regarding the sufficiency of the notice of plaintiff's ownership served upon the officers before the commencement of the action, it is enough to say: First, that no such issue was made by the pleadings; second, the record shows that the defendant Anderson gave an indemnifying bond to the sheriff and his deputy, signed by a sufficient surety, so that the notice answered its purpose. *Ayers v. Produce Co.*, 101 Iowa, 141. Plaintiff also claims that under the authority of *Upp v. Neuhring,* 127 Iowa, 716, no notice was necessary because the property was exempt or claimed to be exempt from execution. That case does so hold, and it need only be stated in this connection that there may be some doubt regarding the correctness of that decision because of a change in the statute by the Code of 1897 not noticed in the opinion filed in that case. Atten-

3. SAME: notice of ownership.

tion is called to the matter at this time to the end that the rule be left open for future investigation.

On the whole record, we are constrained to hold that there was no error justifying a reversal, and the judgment must be, and it is *Affirmed*.

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concur.