CHESTER SHEPARD, Appellant, v. PARK A. FINDLEY et al., Appellees.

EXEMPTIONS: Head of Family—Ownership of Automobile. Evidence that the head of a family bought an automobile, paid for it, used it for the purpose of making a living, and has never parted with the possession, is sufficient to prove his ownership, on the question of exemption.

Headnote 1: 25 C. J. p. 161 (Anno.)

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

JULY 1, 1927.

Suit to enjoin an execution sale. Plaintiff's case was dismissed, and he appeals.—*Reversed.*

*F. L. Meredith,* for appellant.

*James F. Page,* for appellees.

ALBERT, J.—On the 13th day of February, 1925, the defendant Frederick Alden obtained judgment in the municipal court of the city of Des Moines against the plaintiff and his wife, in the sum of $100. The same was duly transcripted to the district court of Polk County, Iowa, and in May following, execution was issued thereon, and the sheriff of Polk County, defendant herein, levied on a certain Lexington automobile as the property of the plaintiff, Shepard, and advertised the same for sale. This action was on behalf of Shepard, to enjoin the sale of this automobile, on the ground that the same was exempt to him, as the head of a family.

At the close of plaintiff's testimony, on motion, the court gave the defendants a verdict, on the ground that plaintiff had not produced any competent evidence to sustain the allegations of his petition; that the evidence showed conclusively that the automobile did not belong to the plaintiff, but to his wife, Rose Altha Shepard, and had been forfeited by her statements on the stand, in an affidavit which she admitted she signed; further, that the plaintiff has not sustained any of the allegations of his petition by competent evidence, and nothing has been shown which in any way indicates that plaintiff is entitled to this automobile as exempt property. As the defendants introduced no testimony in the case, the determination thereof must rest upon the testimony introduced by the plaintiff and whatever conflict there may be therein. The following testimony is uncontradicted: The plaintiff had lived in Des Moines for about 46 years; he was a married man and head of a family. He was a bricklayer by occupation, for about the last thirty years; had no other source of income. He had been married to his present wife about 26 years. The automobile in controversy was bought on the 25th day of August, 1923, by the plaintiff, and paid for by him. At the time thereof, he received a bill of sale from the garage company from which he purchased the same, in which he was named as grantee. He used this car in his occupation as bricklayer, in traveling from place to place, as his work called, and hauled his tools therein, and on various

occasions hauled material that he needed in his work, which was all performed in Des Moines or in its vicinity. The evidence showed that he did not give a bill of sale of said car to his wife, or to any other person; that he always drove the car, and at no time did his wife drive the same; that it was the only conveyance he had for going back and forth to his work; that the car was registered in the treasurer's office of Polk County in the name of the wife, and she served notice on the sheriff to release the same from execution, claiming to be the owner of the property and that she had purchased it with her own money; that plaintiff paid all bills for the upkeep of the car, together with all gasoline and oil used thereon. So far, the record is undisputed.

The plaintiff testified, in terms, that he is the owner of the car, and never parted with title thereto. It appears that the wife was industrious, and aided the husband in making the brick and constructing the residence in which they lived. Plaintiff testified:

"At the time the car was purchased, I laid the money down on the table, and asked her if she would rather have the money or nothing. I said, 'It is yours,—what do you want to do with it?' and she said, 'I want to buy a car.' "

The wife testified:

"I never exercised any control over the automobile myself. I never had hold of the steering wheel. I did not have anybody run the car besides Mr. Shepard."

She denied that she was the owner of the car, and further said:

"I owned it in one way. It is in my own name in the license bureau. That is, Mr. Shepard bought the car and paid for it."

There was introduced in evidence a sworn notice of release, signed by the wife, notifying the sheriff to release the automobile, and stating that the same was hers absolutely; that she acquired the money that was paid for the same by her personal labor.

The above is a general statement of the evidence in the case on which the court acted in directing a verdict in favor of the defendants.

Section 11760, Code of 1924, provides:

"If the debtor is a resident of this state and the head of a family, he may hold exempt from execution the following property: * * * 18. If the debtor is a physician, public officer, farmer, teamster, or other laborer, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse."

In *Krebs v. Nicholson*, 118 Iowa 134, this court defines "laborer" as "one who is 'engaged in some toilsome physical occupation; one who performs work which requires little skill or special training.'" In *Lames v. Armstrong*, 162 Iowa 327, at 331, we enlarged this definition somewhat by saying, "It may mean one who labors or works with mind or body."

That an automobile is a vehicle, within the meaning of the above quoted statute, we have settled in the cases of *Lames v. Armstrong*, supra; *Waterhouse v. Johnson*, 194 Iowa 343; *Weaver v. Florke*, 195 Iowa 1085.

Under the record in this case, the plaintiff has established by undisputed evidence that he is a resident of the state and the head of a family; that he is a laborer; and that his automobile is his vehicle by the use of which he habitually earns his living. So far, then, the plaintiff made a case showing that he was entitled to hold the automobile as exempt, under this section of the statute.

The narrow question, therefore, left in the case is whether or not the plaintiff was the owner of this automobile. The evidence shows without dispute that he bought the automobile in his own name, and received a bill of sale therefor from the seller, in which he was named as grantee. In addition, the evidence shows that he was always in possession of this car, and drove it, and used it in his business as a bricklayer. Stress is laid upon the fact that the automobile was registered in the wife's name. That this fact is of no force and effect in cases of this kind we have settled in the case of *Cerex Co. v. Peterson*, 203 Iowa 355, where we held that the registration statute as to automobiles and the provisions therein with reference to transferring the same had nothing whatever to do with private parties in the sale or transfer of automobiles, but that, as between

such parties, the Uniform Sales Act and the general law in relation to sales are controlling.

It is the general rule in this state that the exemption laws shall be liberally construed in favor of a debtor. The purpose underlying all exemption legislation is to secure to the unfortunate debtor the means to support himself and the family, the protection of the family being the main consideration. *Schooley v. Schooley*, 184 Iowa 835.

Under the evidence in the case, it cannot be found that the wife was ever in possession of this property. It was never transferred to her, and her testimony, although contradicted by an affidavit filed in the case to the contrary, is that she "was the owner in one way,—that it was in her name in the license bureau," but that "Mr. Shepard bought and paid for it;" while the plaintiff testified absolutely that he was the owner of the automobile at all times.

That, to make a valid transfer, under the circumstances existing in this case, there must be possession in the wife, as against third parties, has been abundantly settled by the authorities in this state. *Smith v. Hewett*, 13 Iowa 94; *Odell & Updegraff v. Lee & Kinnard*, 14 Iowa 411; *Hesser & Hale v. Wilson*, 36 Iowa 152; *Boothby & Co. v. Brown*, 40 Iowa 104; *Smith v. Champney*, 50 Iowa 174; *Nuckolls v. Pence*, 52 Iowa 581.

In view of the fact that the defendant introduced no testimony, applying this law to the case before us we are disposed to hold that the court erred in this matter. There is no question that the plaintiff made a prima-facie case showing that this property was exempt to him as the head of a family, and the court should have so held.—*Reversed.*

EVANS, C. J., and FAVILLE, VERMILION, MORLING, and KINDIG, JJ., concur.