FIRST NATIONAL BANK, MASON CITY, Appellant, v. E. W. LARSON et al., Appellee.

No. 41063.

NOVEMBER 24, 1931

R. F. Clough, for appellant.

Senneff, Bliss, Witwer & Senneff, for appellee.

GRIMM, J.—In May, 1931, the plaintiff bank filed its petition in action at law to recover judgment on two promissory notes. A writ of attachment was secured and a levy was made. On May 26, 1931, the defendant filed a motion to discharge certain personal property from the attachment.

A resistance was filed and the court sustained the motion and discharged all the property covered by the attachment except two desks, three straight back chairs, two swivel office chairs and one table. The property in question is listed as follows:

"One 5-passenger 1927 Packard Sedan, Model 426, Motor No. 96575, serial No. 09389, license No. 17-9295.

"1 complete brake testing machine.

"1 Rusco riveting machine No. 71.

"3 vises; 1 Black & Decker bench grinder. No. 42691-A.

"2 Car jacks (one Weaver and one Red Devil).

"1 Black & Decker electric drill and stand.

"1 Valve refacer No. 650.

"*2 Desks; 3 straight back chairs; 2 swivel office chairs.*

"1 Table; 1 Curtiss Power Washer, Type R.A.

"1 Connecting rod aligner assembly, 1 6 ft. stepladder.

"1 Grease gun."

The articles in italics are the ones not released from the attachment.

It appears from the record that at the time of the levy the defendant was doing business under the trade name of E. W. Larson Company, Larson being the sole owner of the business and the property involved.

The defendant is a married man and the head of a family

From the affidavit which he made in support of his motion, we quote the following:

"That I have no vehicle of any kind, except those taken under the writ in said cause, and that it is necessary for me to use an automobile in the earning of a livelihood.

"I further state that I am an auto mechanic and that all the tools mentioned in the foregoing motion are tools essential for use by me as such mechanic and will be essential for me to use in the earning of a living for myself and family.

"That the garage which was operated by me has been closed under the writ of attachment in said cause and that it is essential for me to have the use of said tools in making said living."

Aside from a general statement in the motion that all of the personal property seized under attachment is "exempt from execution," there is no further evidence on behalf of the defendant. The resistance to the motion expressly denies the exemption of the property and alleges in substance that the business of the said Larson Company was the sale, at retail, of automobiles and motor vehicles; that in connection with the sale of automobiles and motor vehicles, the said defendant company operated a repair department which was a part of the general business of the said defendants, and the same was operated in connection with said business for profit; that the plaintiff expressly denies that the said E. W. Larson was engaged in said business as a mechanic; and it is denied that he did any mechanical work. It is claimed that he was the manager of the general business conducted under the name of E. W. Larson Company and spent his time in promoting the sales of said business; that the mechanical work of repair was conducted by employes, for the purpose of profit, in the general business, and that Larson had not for many years been engaged in such occupation as a mechanic, and that the articles listed were in fact capital owned and used by the defendants for the purpose of profit in the operation of an extensive motor vehicle sales business, and were not used by the defendants for carrying on a trade.

In support of this resistance, there was filed an affidavit by one of the mechanics engaged in the business conducted by Larson, from which it appears that when the business was first

opened, the affiant Grobe had a percentage contract with Larson on the repair work. This was afterwards changed to a straight salary. It appears that at times there were three mechanics working in the shop and at other times four. The affidavit of Grobe contains, among other things, the following:

"Larson devoted his time to the general management of the automobile sales business; never did any work on the cars since I went to work for him in 1929, except about three weeks ago he put on four wheels on a new Chrysler 70. That is the only work that I saw him do in three years that I was with him. * * * That during all of the time that I have worked with and for E. W. Larson, I have had charge of the repair or service department of the business. * * * That during all the time I have worked in connection with the said E. W. Larson, he has not in fact engaged as a mechanic in the shop, and has not undertaken to do any general mechanical work in reference to the repair and service of automobiles."

█ I. We will first consider the question of the exemption of the tools. Subsection 17 of Section 11760 of the Code of 1927, covering exemptions, is as follows:

"The proper tools, instruments, or books of the debtor, if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher, or professor."

If these tools are to be held exempt to Larson, it must be upon the ground that he, at the time of the levy, was a mechanic.

A careful examination of the evidence in support of Larson's claim discloses that he merely asserts as a conclusion that he is an auto mechanic, without in any sense or to any extent specifying the manner or extent to which, if at all, he was engaged as a mechanic at the time of the levy. He asserts as a mere conclusion that it *will be* essential for him to have these tools for use as a mechanic to support himself and his family. In other words, his showing is entirely void of any evidence that at the time of the levy or immediately previous thereto, he was engaged as a mechanic, or that the tools in controversy were being used by him at the time of the levy as an auto mechanic.

The record quite clearly and satisfactorily shows that instead of being a mechanic he was engaged as the proprietor of

an automobile sales room where he showed and promoted the sale of automobiles. The repair department was a separate department of the general business conducted by Larson and the work was done by employees. Larson was not acting as a mechanic. The mere fact that he might have, in a moment of stress, placed or assisted in placing some wheels on a new car which was being assembled in his place of business as a sales room falls far short of proving that at the time of the levy he was an auto mechanic.

The burden is upon the defendant to show his exemption. Dolan v. Sammons, 147 Iowa 466, 1. c. 472. See also Baker v. Hayzlett, 53 Iowa 18. That the question is to be determined upon the facts as they existed at the time of the levy, see Blair v. Fritz, 162 Iowa 716, in which this court said:

"In order to establish his claim of exemption, plaintiff must show that at the time of the levy he was the head of a family and that the property, taken under the writ, was used by him habitually for the purpose of earning his living."

The exemption in Blair v. Fritz, 162 Iowa 716, is under another subsection, but the principle necessarily is the same.

In Hoyer v. McBride, 202 Iowa 1278, this court said, in commenting upon a barber shop equipment containing several barber chairs and other equipment:

"We think however, that, on this record, he is claiming exemption of chairs in excess of the number that would be his proper tools of trade, and is claiming exemption for chairs which are, in effect, the capital of a business which he owns, and through others operates, rather than through them as assistants to him in his trade; and on this particular record, his showing does not sustain his claim to more than one chair. * * * The exemption, however, does not extend to tools, instruments, or books which are, in effect, capital, owned and used for the purpose of profit in the operation of an extensive business."

An examination of the list of "tools" under consideration in this case will disclose that each article is a part of the equipment of an automobile machine shop, and that, as a whole, the various implements constitute a machine shop equipment which clearly constituted an important item of capital in the machine

shop department of the defendant's business at the time of the levy. The machines designated "Black & Decker bench grinder," "Riveting machine," "Electric Drill," "Valve refacer," "Connecting rod aligner assembly," all clearly appear to be, as assembled and used by the defendant at the time of the levy, a part of his capital. He was using this machine shop for profit upon the labor of mechanics who actually did the work with machines which he owned and controlled.

We do not overlook the well-established and oft-repeated rule that the exemption statutes must be liberally construed, but, as was said in Wertz v. Hale, 212 Iowa 294:

"The rule which favors a liberal construction of exemption statutes does not permit substantial departure from the clear unambiguous language of such statutes."

Upon the record as made in this case, Larson has not shown he was a mechanic at the time of the levy, and the tools were not exempt.

██ II. We will now consider whether, under the facts in this case, the automobile was exempt. Subsection 18 of Section 11760 of the Code of 1927 is as follows:

"If the debtor is a physician, public officer, farmer, teamster, or other laborer, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse."

That an automobile is a vehicle within the meaning of subsection 18 of Section 11760, see Lames v. Armstrong, 162 Iowa 327, and Shepard v. Findley, 204 Iowa 107, and cases cited.

It does not appear from the record made in this case that Larson comes under its specifications. If at all, it must be under the heading of "other laborer." We do not think it can be reasonably said that a manager of a business consisting of an automobile sales room and sales business and an automobile repair garage in connection therewith in which the work was done by employees for the profit of the owner can be claimed as "other laborer." Moreover, in his showing, he merely asserts, by way of opinion and conclusion, that the automobile is necessary for him to use in the earning of his living, without showing

in any sense whatever that, at the time of the levy or previous thereto, he had used the automobile in that way. His showing is entirely void of any evidence that at the time of the levy or immediately previous thereto the automobile was being used by him in earning his livelihood.

The record quite satisfactorily shows that instead of earning his living as a laborer he was engaged as the proprietor of an automobile sales room where he showed and promoted the sale of automobiles. The repair department was separate, but a part of the general business conducted by Larson, the work being done by other employees.

As previously stated, the burden is upon the defendant to show his exemption. This he has failed to do.

There is in this record no showing whatever that the defendant had used his automobile or was using it at the time of the levy or immediately prior thereto as a means of earning his livelihood, nor is there any showing that he was a laborer. The showing is that "it is necessary for me to use an automobile in the earning of a livelihood."

It is true that an automobile might, under certain circumstances, be exempt to the defendant if he had shown himself to be a laborer. The appellee places reliance upon the case of Shepard v. Findley, 204 Iowa 107. We quote from that opinion, as follows:

"He (the defendant) used this car in his occupation as bricklayer, in traveling from place to place, as his work called, and hauled his tools therein, and on various occasions hauled material that he needed in his work, which was all performed in Des Moines or in its vicinity."

The record in this case is entirely void of any proof which brings it within the provisions of the foregoing case.

A careful examination of the entire record, together with the authorities cited by both sides, leads us to the conclusion that there is no sufficient showing on the part of the defendant that the property in question was exempt to him on the day of the levy, and therefore it follows that the cause must be, and is,— Reversed.

Faville, C. J., and Evans, Morling, and Kindig, JJ., concur.