Searle Kelly, appellant, v. Ervin Degelau et al., appellees.

No. 48271.

(Reported in 58 N.W.2d 374)

874

May 5, 1953.

Birdsall & McLendon, of Waterloo, for appellant.

T. Eugene Thornton, of Waterloo, for appellees.

MULRONEY, J.—Plaintiff, a judgment creditor, levied execution on the automobile owned by Russell Shipp, the judgment debtor. The levy was made under the provisions of rule 260(b), Iowa Rules of Civil Procedure. The defendant Shipp gave notice to the effect that he was a laborer and head of a family and the automobile seized was a vehicle by the use of which he habitually earned his living, and therefore exempt from execution. The matter was set for hearing and testimony was introduced showing defendant Shipp was married, head of a family, and a laborer; that he was employed as a car-man's helper at the Illinois Central Railroad shops in Waterloo, which place of employment is about a mile and a quarter from his home; and that he uses his automobile to transport himself to and from his work. There was also testimony that Shipp resides on a bus line that runs past his place of employment.

Section 627.6, subsection 18, Code, 1950, provides the debtor who is head of a family may hold exempt from execution "if [he] is a * * * laborer, a * * * vehicle * * * by the use of which he habitually earns his living."

It is admitted the only question before the trial court was whether Shipp's automobile was such a vehicle by the use of which Shipp habitually earns his living. The trial court found that: "Other than an occasional gratuitous act, the defendant

uses his automobile for no other purpose connected with his employment than to transport himself to and from work."

The trial court's ruling goes on to state: "Giving the statute the liberal construction required, it is the conclusion and opinion of this court that as a matter of fact and law the * * * automobile of the defendant is exempt to him under the facts presented."

I. The only question argued on this appeal is whether the use of an automobile for no other purpose than to transport the debtor to and from his place of employment entitles the debtor to claim an exemption of the automobile under the quoted statute, as such a vehicle "by the use of which he habitually earns his living." Plaintiff admits Shipp is the head of a family and a laborer and that the automobile is, as we have held, a "vehicle" within section 627.6, subsection 18, Code of 1950. See Lames v. Armstrong, 162 Iowa 327, 144 N.W. 1, 49 L. R. A., N. S., 691, Ann. Cas. 1916B 511.

In Blair v. Fritz, 162 Iowa 716, 717, 144 N.W. 611, 612, we said as to the debtor's burden of proof when claiming a vehicle exempt under this statute: "In order to establish his claim of exemption, plaintiff [debtor] must show that at the time of the levy he was the head of a family and that the property * * * was used by him habitually for the purpose of earning his living."

The word "habitually" in the statute "does not mean exclusively, but customarily." 35 C. J. S., Exemptions, section 24b. The only question here is whether evidence of the use of the car to transport Shipp to and from the railroad shop where he worked was evidence of using the car for the purpose of earning his living. We hold it was. It is well settled that exemption statutes must have a liberal construction. Shepard v. Findley, 204 Iowa 107, 214 N.W. 676. Liberally construed, a laborer's so-called "earning a living use" would include use to transport the laborer to his place of employment where he could work for the earnings that supplied the living for himself and the family he headed.

In Waterhouse v. Johnson, 194 Iowa 343, 344, 189 N.W. 669, 670, we held the automobile of a debtor engaged in laying drain tile was exempt, the opinion stating:

"He had to be transported daily back and forth between his place of work and his home. He lives on a 5-acre tract of ground, about 5 miles from the town of Urbana. The distance between his home and the usual places of work varied from 2 or 3 miles to 10 or 12 miles. The exigencies of his work required him to board and lodge at home. He usually drove back and forth every night and morning. We infer from the record that it was not safe for him to leave his tools upon the ground when he left his work, and it was not practicable to convey them back and forth, except by conveyance. In Roberts v. Parker, 117 Iowa 389, we held that a bicycle was exempt to a painter, who used the same in going to and from his work as a painter. We held that a bicycle came within the meaning of the term 'vehicle', as used in the statute. We held, also, that its use by the painter in conveying him to and from his work was a use within the provisions of the exemption statute."

In Shepard v. Findley, 204 Iowa 107, 108, 110, 214 N.W. 676, 678, we had under consideration the exempt status of the automobile of a bricklayer. The proof of the debtor was that he lived in Des Moines and that "he used this car in his occupation as bricklayer, in traveling from place to place, as his work called, and hauled his tools therein, and on various occasions hauled material that he needed in his work, which was all performed in Des Moines or in its vicinity." We held such undisputed evidence established "that his automobile is his vehicle by the use of which he habitually earns his living."

Plaintiff distinguishes the above decisions on the ground that in each something more than use of the automobile as a mere conveyance for transporting the laborer to and from his work is shown. That distinction would not hold for Roberts v. Parker, 117 Iowa 389, 90 N.W. 744, 57 L. R. A. 764, 94 Am. St. Rep. 316, the bicycle case, referred to in the quotation from the Waterhouse opinion, where it is stated the painter's use of the bicycle in conveying him to and from his work was a use within the exemption statute. It is true that in each of the other cases the facts showed something more than a personal conveyance use. There is not any discussion of the point in the Shepard

case for there the main question was as to the ownership of the automobile. However, it is clear that in the Waterhouse case the decision rests on the ground that a laborer's use of his car as a method of his conveyance to and from work is a use for the purpose of earning a living.

In the last part of the Waterhouse opinion Justice Evans, the writer of the opinion, comments upon the contrary argument which he states is "in substance, that the use of an automobile as a mere conveyance for transporting a laborer to and from his work is not a part of his work, within the statutory meaning, and is not a use thereof by the owner for the purpose of making a living * * *." Justice Evans goes on to say "there is much force in the argument", and he is skeptical whether our previous decisions are "correct in principle." But he holds the question is foreclosed by our prior decisions and he states those decisions "respond to the spirit of the statute" for "the automobile of modest value has become a substantial aid to the efficiency of all persons engaged in the occupations defined by the exemption statute." He pointed out that it was within the power of the legislature to fix a limitation of value on automobile exemptions.

■ The point is that our prior decisions do hold that evidence of use as a conveyance for transporting a laborer to and from work is evidence of use for the purpose of earning a living. The fact that in the cited cases the laborers also on occasions transported their tools along with their persons is incidental. If the transportation of the tools to the scene of employment is part of the laborer's work then surely transportation of the laborer who uses them would be part of his work.

■ In Lames v. Armstrong, 162 Iowa 327, 144 N.W. 1, 49 L. R. A., N. S., 691, Ann. Cas. 1916B 511, we held a life insurance agent, with a territory of ten counties, was a "laborer" within the meaning of the exemption statute and his use of his automobile to transport himself over his territory was within the exempt use. Plaintiff would distinguish this case by pointing out that under the facts it was "necessary" that the insurance agent use his car in earning his living. We have on occasion commented on the laborer's need of a vehicle to carry on the particular work he is then engaged in, when the facts so show. It probably

makes a stronger showing of exemption, especially as to habitual use. But actually the exemption statute makes no distinction between laborers, and there is no provision that the vehicle be required, or necessary, to enable the laborer to earn his living in the particular employment in which he is engaged. It is enough under the statute if the laborer actually does use his automobile for the particular purpose for which the exemption is granted. It is shielded from execution if the laborer habitually devotes it to the "earning a living use." We have held use to transport the laborer to and from work is evidence of such use. The trial court's finding that use as a conveyance to and from work was habitual (and he must have found this) is binding upon us.

The evidence of such use is not defeated as a matter of law by showing the debtor lives on a bus line that passes his place of employment and that he could, as plaintiff argues, "conveniently ride a bus to work." Perhaps a good case could be made out that many laborer-debtors would not be inconvenienced and would be better off financially if they did not own a car and rode taxicabs to work. But questions of the balance of convenience and economic necessity are unimportant. The sole and only question is whether the laborer does habitually use his automobile as a part of his work. As stated, we hold evidence of use to transport the laborer to and from work supports the ruling of exemption. The conclusion finds support in Julius v. Druckrey, 214 Wis. 643, 254 N.W. 358, 94 A. L. R. 293. The case of First National Bank v. Larson, 213 Iowa 468, 239 N.W. 134, cited by plaintiff, can be distinguished. There we held the debtor's automobile was not exempt but he was a businessman and not a "laborer." The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.