**FRUDDEN LUMBER CO., Appellant,**

v.

**Robert CLIFTON, d/b/a Blazon Sign Service, Appellee,**

**Don Gooder, d/b/a Don Gooder Motors, Intervenor.**

**SECURITY BANK & TRUST CO., Appellant,**

v.

**Robert CLIFTON, d/b/a Blazon Sign Service, Appellee,**

**Don Gooder, d/b/a Don Gooder Motors, Intervenor.**

**Nos. 54213, 54219.**

Supreme Court of Iowa.

Jan. 19, 1971.

Strand & Anderson, Decorah, for appellants.

Elwood & Anderson, Cresco, for appellee.

Miller, Pearson & Gloe, Decorah, for intervenor.

RAWLINGS, Justice.

Plaintiffs individually brought attachment aided actions at law against defendant. The trial court subsequently discharged the attachments. Identical issue appeals by both plaintiffs are for that purpose consolidated. We affirm.

Defendant is allegedly indebted to plaintiff Frudden Lumber Co. on an open account and to plaintiff Security Bank & Trust Co. on a promissory note.

On or about September 1, 1969, defendant moved from his home in Fort Atkinson, to Cedar Rapids, where he had secured employment as a sign painter. At time of moving, he gave the Fort Atkinson Post Office, as an interim forwarding address, his wife's parents' home in California. There is no indication defendant was, at any time here concerned, actually present at that address or ever left the State of Iowa.

Frudden's action was commenced September 5, 1969, and by the bank September 12, 1969. Plaintiff bank alleged defendant was about to or had removed from the state, and both parties asserted he had absconded, so ordinary process could not be served upon him.

Plaintiffs caused writs of attachment to issue against a Ford truck owned by defendant, with levies thereafter effected.

Don Gooder filed verified petitions of intervention in both cases, alleging the truck, being defendant laborer's vehicle by which he as head of a family habitually earned his living was exempt at time of attachments, under The Code 1966, Section 627.6(18). Intervenor's rights are not involved in this appeal.

Plaintiffs caused notices of the instant actions to be published. Copies were also mailed to defendant at the Fort Atkinson address, and his in-laws' California home. November 5, 1969, notices were personally served on defendant in Cedar Rapids.

December 2, defendant filed, in each case, notice of exemption alleging he was a resident of the state, sign painter, married man, head of a family, and used the truck in his sign painting business.

December 18, defendant filed motions to discharge the attachments, again alleging Iowa residency, head of a family, painter by trade, and the truck was used by him to earn a living. Each motion was accompanied by affidavit declaring that for at least eight months prior thereto, defendant had been and was a resident of Iowa, living in Fort Atkinson and Cedar Rapids.

December 24, plaintiffs filed resistance to defendant's motions, alleging insufficiency of proof and absence of necessary supportive affidavits.

January 2, 1970, plaintiffs filed amendments to their resistances, alleging defendant's affidavits as to residence were not consistent with the forwarding address given by him. These amendments were sup-ported by an affidavit of the Frudden Lumber Co. manager regarding the forwarding address he obtained from the Fort Atkinson postmistress.

January 16, both plaintiffs filed a second amendment to their resistances, alleging waiver of exemption, and defendant had absconded. These were accompanied by an affidavit of plaintiff bank's vice-president to the effect that on September 22, 1969, defendant personally visited plaintiff bank, handed the truck keys and title certificate to affiant, giving them the California forwarding address.

The matter was thus submitted and January 16, trial court discharged both attachments, holding the truck exempt to defendant under Code § 627.6(18), and if he had absconded, it would be exempt to his family under Code § 627.4, but made no finding as to whether defendant had in fact absconded.

Plaintiffs here contend it was not apparent of record the truck was exempt to defendant, no claim of exemption to his family had been made, and trial court therefore erred in discharging the attachments.

 I. In Bell v. Courteen Seed Co., 197 Iowa 120, 124, 196 N.W. 1006, this court held a proceeding for discharge of an attachment is summary in nature. Earlier we took the position a court, in such matters, may justifiably consider all papers properly on file. See Slater v. Roche, 148 Iowa 413, 418, 126 N.W. 925. And as stated in Roberts v. Parker, 117 Iowa 389, 390, 90 N.W. 744: "It is well settled that statutes of exemption should receive a liberal construction, such as shall aid, in so far as may be, in carrying out the beneficient object of the legislation. * * * and they are to be construed in favor of those claiming their benefits * * *."

Additionally, The Code 1966, Section 639.63, provides:

"A motion may be made to discharge the attachment or any part thereof, at any

time before trial, for insufficiency of statement of cause thereof, or for other cause *making it apparent of record* that the attachment should not have issued, or should not have been levied on all or on some part of the property held." (Emphasis supplied)

The situation thus presented is analogous to that regarding summary judgment proceedings under Iowa R.Civ.P. 237, as amended. In such matters the court must examine all pleadings, depositions, answers to interrogatories and affidavits on file, if any, in order to determine the matter. See Iowa R.Civ.P. 237(c); Continental Illinois Nat. Bank and Trust Co. of Chicago v. Security State Bank, Algona, 182 N.W.2d 116 (Iowa 1970); Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W.2d 471, 475 (Iowa); Hanna v. State Liquor Control Commission, 179 N.W.2d 374, 375 (Iowa).

We are satisfied this is the standard to be employed in weighing a motion to discharge attachment under Code § 639.63. It therefore follows, trial court correctly considered the entire record in determining the propriety of defendant's discharge motions.

II. Instantly, as with any other law action, trial court's findings of fact have the weight of a jury verdict and will be disturbed by us only if not supported by substantial evidence. Iowa R.Civ.P. 344(f) (1). See also Bell v. Courteen Seed Co., *supra.*

■ In holding the truck was exempt to defendant the trial judge must have foundationally determined defendant was an Iowa resident laborer, head of a household, and used the subject truck in pursuit of his trade. That conclusion is supported by substantial evidence. Defendant alleged all this in his notice of exemption and motion for discharge. It also appears in the intervenor's verified petition. Moreover these controlling criteria are not effectively countered by plaintiffs.

Trial court could reasonably do nothing other than find as it did. Cf. Franke v. Kelsheimer, 180 Iowa 251, 263, 163 N.W. 239; Bell v. Courteen Seed Co., *supra,* at 124–125, 196 N.W. 1006.

■ III. Plaintiff bank did allege, however, defendant was about to remove or had removed himself from the state and absconded. Its affidavits in support thereof are to the effect he twice gave a California forwarding address. But, as aforesaid, it does not appear defendant was in fact ever resident there, moved from or actually abandoned his Iowa residence. Conversely the record reveals he at all times, in the last eight months preceding these actions, had resided within the state and never then intended to leave Iowa.

Furthermore, affidavits filed by plaintiffs disclose that at least ten days after the bank alleged defendant had left the state, he was present in plaintiff bank at Fort Atkinson. And, as aforesaid, original notices were unquestionably served on defendant in Cedar Rapids, nearly two months after the nonresident allegations were made. That effectively refutes any allegations to the effect defendant had then moved or intended to move out of this state.

■ IV. We turn now to the claim by both plaintiffs to the effect defendant had absconded. Inherent in such an act is self-concealment so as to avoid process and deprive creditors of the opportunity to enforce an obligation. See The Code 1966, Section 639.3(6); Brayman v. Brayman, 215 Iowa 1183, 1186, 247 N.W. 621; Harrison v. Hanvey, 265 N.C. 243, 143 S.E.2d 593, 600 (N.C.). Instantly, as pointed out above, defendant was personally served with notices in Cedar Rapids. From this it is evident he did not so conceal himself as to avoid process, and could not be held to have absconded.

■ V. Additionally, Code § 627.6(18) exempts to the head of a family, resident

debtor and laborer, including painters, the vehicle habitually used to earn his living. See in this regard Lames v. Armstrong, 162 Iowa 327, 331, 144 N.W. 1; Roberts v. Parker, 117 Iowa 389, 390–391, 90 N.W. 744. We have also held the use of any vehicle for transportation to and from work qualifies it as one used for the purpose of earning a living. Kelly v. Degelau, 244 Iowa 873, 877–878, 58 N.W.2d 374.

It is apparent, defendant neither removed the subject property, nor absented himself from this state, and his truck was exempt.

Under these circumstances the attachments issued and attendant levies upon the vehicle were in each instance properly discharged.

VI. Plaintiffs argued in trial court, defendant had waived any right to a discharge of the attachments. That issue is not raised here, however, and we accord it no consideration. Iowa R.Civ.P. 344(a) (4) Third; Farm Service Company of Emmetsburg v. Askeland, 169 N.W.2d 559, 560 (Iowa).

VII. Trial court appears to have based its ruling, in part, on the fact an absconding debtor's exemption inures to the benefit of his wife and family. This determination must of necessity have been premised upon a finding that the truck was in fact exempt.

We are satisfied the ultimate conclusion reached by trial court is amply supported by substantial evidence. For all the reasons stated above it will stand. See Denniston and Partridge Company v. Mingus, 179 N.W.2d 748, 755 (Iowa); State Auto & Casualty Underwriters, etc. v. Hartford Accident & Indemnity Co., 166 N.W.2d 761, 765–766 (Iowa).

Affirmed on both appeals.

All Justices concur.