**ST. LUKE'S MEDICAL CENTER, Appellee,**

v.

**Gilbert LOERA and Alicia Loera, Defendants,**

and

**Iowa Beef Processors, Inc., Appellant.**

No. 302.

Supreme Court of Iowa.

May 19, 1982.

David J. Blair, Sioux City, for appellant.

Donald W. Sylvester, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

McCORMICK, Justice.

The question here is whether a judgment creditor is limited to total annual garnishments of $250 against the earnings of any one debtor no matter how many judgments against the debtor the creditor may have. The trial court held that a creditor is entitled by statute to garnish up to $250 of the debtor's earnings annually on each judgment. We disagree and therefore reverse the garnishment judgment in the present case.

Plaintiff St. Luke's Medical Center obtained two separate judgments against defendants Gilbert and Alicia Loera, one for hospital services through 1974 and the other for hospital services through 1978. During 1980 plaintiff garnished Gilbert's employer, Iowa Beef Packers, Inc., on six separate occasions on the first judgment. After withholding a total of $250 from Gilbert's wages pursuant to these garnishments, the employer refused to withhold any additional amount.

Later in 1980 plaintiff served the employer with a notice of garnishment on the second judgment. Pursuant to section 642.-15, The Code, the employer answered the notice by stating that plaintiff had already garnished Gilbert's wages for the maximum amount allowed by Iowa law for calendar

1980. A new garnishment on the second judgment drew the same response. Plaintiff filed a reply alleging it was entitled to the additional garnishments because they were based on a separate judgment. After a hearing, the trial court ruled against the employer, entering judgment on the pending garnishment.

■ A garnishee has standing to appeal a garnishment judgment. § 642.20. The appeal is subject, however, to the amount in controversy requirement of Iowa R.App.P. 3. Because the amount in controversy does not satisfy the rule in the present case, appeal does not lie as a matter of right. As permitted under rule 3 at the time material here, the trial court certified the case as one in which appeal should be allowed. We are not bound by that determination. *See Newman v. City of Indianola*, 232 N.W.2d 568, 570–71 (Iowa 1975). Nevertheless, because we believe the trial court's certification was correct, we accept the appeal. We point out that rule 3 now provides for certification "by the supreme court or a justice thereof" rather than by the trial judge.

On the merits, the determinative issue is the meaning of a limitation on garnishments in section 642.21: "The maximum amount of an employee's earnings which may be garnished during any one calendar year is two hundred fifty dollars for each judgment creditor, except as provided in section 627.12." The parties agree that the section 627.12 exception is inapplicable here.

■ The purpose of wage exemption laws is to protect a debtor's means of support for the benefit of the debtor and the debtor's dependents. *Shepard v. Findley*, 204 Iowa 107, 111, 214 N.W. 676, 678 (1927). Section 642.21 must be liberally construed in furtherance of that objective. § 4.2; *see Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). If reasonably possible, the statute must also be given a construction that will not make part of it superfluous. *See Iowa Auto Dealer's Association v. Department of Revenue*, 301 N.W.2d 760, 765 (Iowa 1981). The construction of section 642.21 contended for by plaintiff and adopted by the trial court is contrary to the statutory objective and has the effect of reading the word "creditor" out of the statute.

The statute was enacted in 1971 as part of legislation recognizing the primacy of federal limitations on state garnishments in the federal Consumer Credit Protection Act, Title III, 15 U.S.C. §§ 1671–77. *See* 1971 Session, 64th G.A., ch. 270, § 1, S.F. 280 (explanation). The first sentence of section 642.21 incorporates the federal limitations. Those limitations include a ceiling on the amount that can be garnished from a person's earnings in a particular pay period. 15 U.S.C. § 1673. It is reasonable to believe that the General Assembly added the annual maximum garnishment limitation to promote the objectives of the federal legislation. *See Sears, Roebuck & Co. v. A. T. & G. Co., Inc.*, 66 Mich.App. 359, 370, 239 N.W.2d 614, 619 (1976). Among those objectives was a desire to restrict garnishments of wages to stem a rising tide of personal bankruptcies. *See Hodgson v. Hamilton Municipal Court*, 349 F.Supp. 1125, 1130 n.3 (S.D.Ohio 1972). Our construction of the $250 limitation in section 642.21 is consistent with that purpose.

■ We find that the statute plainly limits the total annual garnishments that can be obtained by any one judgment creditor against a debtor's earnings to $250. The creditor's rights are not measured by the number of his judgments. The trial court erred in holding otherwise.

REVERSED.